865 F.2d 260
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Mark Allen SAMPSON, Petitioner-Appellant,
v.
Arthur TATE, Jr., Supt., Respondent-Appellee.
 No. 88-3708.
 United States Court of Appeals, Sixth Circuit.
 Dec. 15, 1988.
 
 1
 Before MILBURN and ALAN E. NORRIS, Circuit Judges, and RICHARD F. SUHRHEINRICH, District Judge.*
 
 ORDER
 
 2
 Petitioner, Mark Allen Sampson, appeals a judgment of the district court which dismissed his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2254. He now moves for the appointment of counsel. Upon review of the record and the brief submitted by petitioner, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 On October 30, 1986, petitioner entered a plea of nolo contendere to a charge of vehicular homicide in the Franklin County, Ohio Court of Common Pleas. Petitioner was sentenced to a term of 2 1/2 to 5 years imprisonment. After exhausting the state remedies available to secure review of his conviction, he filed a petition for a writ of habeas corpus in the District Court for the Southern District of Ohio. In support of his claim for that relief, he alleged that his conviction was invalid due to prosecution's destruction of his automobile which may have provided exculpatory evidence in aid of his defense. Upon review of the record, particularly the opinion of the Ohio Court of Appeals in petitioner's direct appeal, the district court concluded that that argument was without merit and dismissed the petition for habeas relief. Petitioner therefore filed this appeal.
 
 
 4
 After careful consideration of the record including petitioner's brief, the court concludes the district court did not err in determining that the destruction of petitioner's automobile did not violate any of the standards governing the suppression or destruction of exculpatory evidence. See California v. Trombetta, 467 U.S. 479, 489 (1984); Brady v. Maryland, 373 U.S. 83 (1963). Accordingly, the motion for appointment of counsel is hereby denied and the judgment of the district court is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Richard F. Suhrheinrich, U.S. District Judge for the Eastern District of Michigan, sitting by designation